IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00409-RPM

CECILIA GALLEGOS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

_____

ORDER AFFIRMING DECISION
_____

    On July 28, 2005, in Civil Action No. 04-cv-02622-RPM, this Court entered an Order vacating the decision of an Administrative Law Judge, dated April 19, 2002, that the disability of Cecilia Gallegos entitling her to Disability Insurance Benefits had ceased as of September 1, 2000.  The ALJ decision became the final agency decision on October 29, 2004.  The matter was remanded to provide the applicant with an opportunity to question the doctor and vocational expert regarding the content and effect of post hearing vision tests that the ALJ had ordered at the hearing on December 11, 2001, to make more specific findings on the credibility of the applicant's testimony and to complete the medical record.

    An additional hearing was held on August 3, 2006.  After hearing testimony from Dr. W. Bruce Wilson, M.D., the neuro-ophthalmologist, who tested the applicant's vision on January 18, 2002, and Ms. Gallegos, the ALJ on September 26, 2006, found that as of September 1, 2000, Ms. Gallegos had made such significant improvement in her medical impairments that she had the residual functional capacity to perform the essential functions of her past work as a data entry clerk and accounts manager.  The Appeals Council denied a request for review on December 28, 2006, making it the final agency decision now under review pursuant to 42 U.S.C. § 405(g).  The entire administrative record has been provided. Additionally, a letter from plaintiff's counsel to the ALJ, dated September 8, 2006, expressing concerns about the

adequacy of Dr. Wilson's examination and his reports in other cases, has been submitted without objections.

The issues raised by the plaintiff are whether there is a reasonable basis for the ALJ's finding that the applicant's testimony regarding her vision problems was not fully credible and the failure of the ALJ to reasonably reflect Ms. Gallegos' impairments in the hypothetical questions posed to the vocational expert who testified at the first hearing. The issues are related because the omission in the hypothetical questions concerned the vision problems described by Ms. Gallegos.

The medical records show that the applicant has astigmatism in both eyes and amblyopia in her left eye. Dr. Wilson's report of January 18, 2002, showed that she tested with corrected vision of 20/20 on the right and 20/80 on the left for visual acuity based on a standard eye chart and that she had normal binocular vision. R. 651-652. Plaintiff's counsel questioned Dr. Wilson extensively at the August 3, 2006, hearing.

The medical records submitted included an eye examination in 2006 and opinions of treating physicians in 2006. They suggest that Mr. Gallegos vision has worsened and her other medical problems interfere with her ability to work. Those medical records and opinions have not been considered because the issues here are limited to her condition as of September 1, 2000.

The medical record shows that Ms. Gallegos has diabetes which she has not adequately controlled by diet and medications. The difficulty with her reading ability varies from time to time which relates to her failure to follow prescribed treatment for control of diabetes.

In essence, this review presents the single question of whether the ALJ's acceptance of Dr. Wilson's report and testimony and the rejection of Ms. Gallegos testimony concerning her vision problems are sufficiently supported by the evidence before him that his findings are within his discretion. Because those findings are so supported, it is

ORDERED that the decision is affirmed.

DATED: December 2nd, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge